# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: September 5, 2019

```
* * * * * * * * * * * * * * * * * * * * * * * *
FREDERICK W HAYNES, as the          *
Executor of the ESTATE of IMOGENE   *
HAYNES-BLEAU,                       *       No. 17-356V
                                    *
              Petitioner,           *       Special Master Sanders
v.                                  *
                                    *
SECRETARY OF HEALTH                 *       Stipulation for Award; Pneumococcal
AND HUMAN SERVICES,                 *        Conjugate ("Prevnar") Vaccine;
                                    *        Interstitial Lung Disease; Pulmonary
              Respondent.           *        Fibrosis; Death.
* * * * * * * * * * * * * * * * * * * * * * * *
```

Shahid Manzoor, Manzoor Law Firm, Inc., Roseville, CA, for Petitioner.
Amy P. Kokot, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On March 15, 2017, Imogene Haynes-Bleau filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Upon Ms. Haynes-Bleau's death, Frederick Haynes ("Petitioner") was substituted as the petitioner in this matter. Petitioner alleged that the pneumococcal conjugate ("Prevnar") vaccine Ms. Haynes-Bleau received on January 14, 2015, caused her to suffer from a flare of rheumatoid arthritis ("RA"), interstitial lung disease, and/or pulmonary fibrosis. *See* Stip. at 1, ECF No. 52. Petitioner further alleged that Ms. Haynes-Bleau's death was the sequela of her claimed vaccine-induced injury. *Id.* Finally, Petitioner alleged that Ms. Haynes-Bleau experienced the residual effects of her injury for more than six months. *Id.*

On August 30, 2019, the parties filed a stipulation in which they state that a decision should be entered awarding compensation to Petitioner. *Id.* at 2. Respondent denies that the Prevnar vaccine caused Ms. Haynes-Bleau's alleged RA, interstitial lung disease, pulmonary fibrosis, or any other injury. *Id.* Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. I find the stipulation reasonable and adopt it as the decision of the Court in awarding

---

[1] This Decision shall be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). **This means the Decision will be available to anyone with access to the Internet.** As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

damages, on the terms set forth therein.

The parties stipulate that Petitioner shall receive the following compensation:

> **A lump sum of $200,000.00 in the form of a check payable to [P]etitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

*Id.*

I approve the requested amount for Petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

    **IT IS SO ORDERED.**

    s/Herbrina D. Sanders
    Herbrina D. Sanders
    Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| FREDERICK W. HAYNES, as the Executor of the Estate of IMOGENE HAYNES-BLEAU,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 17-356V (ECF)<br>Special Master Sanders |

## **STIPULATION**

The parties hereby stipulate to the following matters:

1. Imogene Haynes-Bleau ("Ms. Haynes-Bleau") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). Upon Ms. Haynes-Bleau's death, Frederick W. Haynes ("petitioner"), as the executor of Ms. Haynes-Bleau's estate, was substituted as the petitioner. The petition seeks compensation for injuries allegedly related to Ms. Haynes-Bleau's receipt of the pneumococcal conjugate ("Prevnar") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Ms. Haynes-Bleau received a Prevnar vaccine on or about January 14, 2015.

3. The vaccine was administered within the United States.

4. Petitioner alleges that as a result of receiving the Prevnar vaccine, Ms. Haynes-Bleau suffered a flare of rheumatoid arthritis ("RA"), and that she developed interstitial lung disease and/or pulmonary fibrosis. Ms. Haynes-Bleau passed away on June 15, 2018. Petitioner further alleges that Ms. Haynes-Bleau's death was the sequela of her alleged vaccine-related injuries.

1

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Ms. Haynes-Bleau as a result of her alleged vaccine-related injuries and/or her death.

6. Respondent denies that the Prevnar vaccine caused Ms. Haynes-Bleau's alleged RA, interstitial lung disease, pulmonary fibrosis, or any other injury, and denies that Ms. Haynes-Bleau's death was a sequela of her alleged vaccine-related injuries.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $200,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies,

Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 9 of this Stipulation, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that he presently is, or within 90 days of the date of judgment will become, duly authorized to serve as the legal representative of Ms. Haynes-Bleau's estate under the laws of the State of California. No payment pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing his appointment as the legal representative of Ms. Haynes-Bleau's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as the legal representative of Ms. Haynes-Bleau's estate at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as the legal representative of the estate of Ms. Haynes-Bleau upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraph 8, and any amount awarded pursuant to paragraph 9, petitioner, in his individual capacity, and as the executor of the estate of Ms. Haynes-Bleau, on behalf of the estate and Ms. Haynes-Bleau's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National

Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Ms. Haynes-Bleau resulting from, or alleged to have resulted from, the Prevnar vaccine administered on or about January 14, 2015, as alleged in a petition for vaccine compensation filed on or about March 15, 2017, in the United States Court of Federal Claims as petition No. 17-356V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and that a change in the nature of compensation sought is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the Prevnar vaccine caused Ms. Haynes-Bleau's alleged RA, interstitial lung disease, pulmonary fibrosis, any other injury, or her death.

17. All rights and obligations of petitioner in his capacity as the executor of the estate of Imogene Haynes-Bleau, shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns, as legal representatives of Ms. Haynes-Bleau's estate.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

**PETITIONER:**

_/s/ Frederick W. Haynes_
FREDERICK W. HAYNES

**ATTORNEY OF RECORD FOR PETITIONER:**

_/s/ S. Manzoor_
SHAHID MANZOOR
Manzoor Law Firm, Inc.
3017 Douglas Boulevard
Suite 104
Roseville, CA 95661
Tel: (916) 788-7252

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

_/s/ Catharine E. Reeves_
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

_Ward Sorensen for_
TAMARA OVERBY
Acting Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

_/s/ Amy P. Kokot_
AMY P. KOKOT
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4118

Dated: 8/30/2019