# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: April 21, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | UNPUBLISHED |
| FREDERICK W. HAYNES, *as the* | * | |
| *Executor of the* ESTATE OF | * | |
| IMOGENE HAYNES-BLEAU, | * | No. 17-356V |
| | * | Special Master Sanders |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Shahid Manzoor, Manzoor Law Firm, Inc., Roseville, CA, for Petitioner.
Heather L. Pearlman, United States Department of Justice, Washington, D.C., for Respondent.

**DECISION ON ATTORNEYS' FEES AND COSTS[1]**

On March 15, 2017, Imogene Haynes-Bleau filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to 34 (2012). Upon Ms. Haynes-Bleau's death, Frederick Haynes ("Petitioner") was substituted as the petitioner in this matter. The petition alleged that the pneumococcal conjugate ("Prevnar") vaccine Ms. Haynes-Bleau received on January 14, 2015, caused her to suffer from a flare of rheumatoid arthritis, interstitial lung disease, and/or pulmonary fibrosis. Petitioner further alleged that Ms. Haynes-Bleau's death was the sequela of her claimed vaccine-induced injury. On August 30, 2019, the

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

parties filed a stipulation, which the undersigned adopted as her decision awarding compensation on September 5, 2019. ECF No. 54.

On November 5, 2019, Petitioner filed an application for attorneys' fees and costs. ECF No. 61 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $33,383.85 (representing $25,900.50 in fees and $7,483.35 in costs). Fees App. at 1. Pursuant to General Order No. 9, Petitioner warrants that he has not personally incurred any costs related to the prosecution of the petition. ECF No. 65. Respondent responded to the motion on November 19, 2019, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2–3 (ECF No. 62). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

**I.      Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" Saxton, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human*

*Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a. Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, and 2019 can be accessed online.[3]

Petitioner requests that his attorney, Mr. Shahid Manzoor, be compensated at $250.00 per hour for all work in this case (from 2016-2019). Mr. Manzoor practices law in Roseville, California, a suburb of Sacramento. Previously, attorneys in the Sacramento area have been found to qualify for forum rates. *See Miltenberger v. Sec'y of Health & Human Servs.*, No. 17-1491V, 2019 WL 7557794 (Fed. Cl. Spec. Mstr. Dec. 19, 2019) (finding an attorney in Davis, California in the Sacramento region to be entitled to forum rates).[4] Thus, the only remaining issue is to determine a reasonable hourly rate for Mr. Manzoor.

Mr. Manzoor has been licensed to practice law in California since 2014, giving him approximately two years of experience in 2016 when he began work in this case and placing him in the lowest range on the OSM Fee Schedules. Accordingly, Mr. Manzoor's requested rate is excessive, because it exceeds the highest prescribed rate for attorneys with fewer than four years of experience. It is also worth noting that although Mr. Manzoor has a fair deal of experience in local state and federal courts, this is his first Vaccine Program case. Based upon all these factors,

---

[3] The 2015–2016 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.  The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.  The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.  The 2019 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.  The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

[4] The undersigned notes that although Davis, California and Roseville, California are different locales, they share a "local" federal court, in this case the District Court for the Eastern District of California, Sacramento Division. Thus, the cases discussed in *Miltenberger* would be relevant data points in determining whether an attorney in Roseville would be eligible to receive forum rates. The parties have not provided any information to suggest that a contrary determination on forum rates should be reached here.

the undersigned finds the following hourly rates to be reasonable for Mr. Manzoor in the instant case: $200.00 per hour for work performed in 2016, $215.00 per hour for work performed in 2017, $240.00 per hour for work performed in 2018, and $250.00 per hour for work performed in 2019. Application of these rates results in a total reduction of **$2,682.50**.[5]

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521. "[I]t is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar. If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." *Carter v. Sec'y of Health & Human Servs.*, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007).

Upon review, the undersigned finds the billed hours require a minor reduction. Mr. Manzoor billed a small amount of time to educate himself on the requirements of the Vaccine Program (e.g., 0.3 hours on 1/21/16 for "Research on VICP filing requirements", 1.0 hours on 3/8/16 on "researched requirements to include in the vaccine petition", 0.8 hours on 4/8/16 on "Met with Professor John Simms regarding sponsorship of my application to the Court of Federal Claims", etc.). The undersigned also notes that review of routine court scheduling orders and preparation of *pro forma* filings took an excessive amount of time. One example is that review of orders routinely took 0.3 hours, when in the undersigned's experience they should take 0.1 hours. Another example is Mr. Manzoor billing 1.0 hours for the preparation of the Joint Notice Not To Seek Review, a filing containing three sentences. Mr. Manzoor's paralegal also billed time for administrative/clerical tasks, such as scanning documents.

To account for these minor issues, the undersigned shall reduce the final award of attorneys' fees by **$1,000.00** in order to achieve "rough justice." *See Florence v. Sec'y of Health & Human Servs.*, No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing *Fox v. Vice*, 563 U.S. 826, 838 (2011). Accordingly, Petitioner is awarded final attorneys' fees of **$22,218.00**.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $7,483.35 in attorneys' costs. This amount is comprised of acquiring medical records, postage, copies, the Court's filing fee, and work done by Petitioner's expert. ECF No. 61. Petitioner has provided adequate documentation to support these costs and in the undersigned's experience, they are largely reasonable. The only reduction is for photocopies, which counsel

---

[5] 2016: ($250.00 per hour requested - $200.00 per hour awarded) * 30.6 hours billed = $1,530.00.
2017: ($250.00 per hour requested - $215.00 per hour awarded) * 23.5 hours billed = $822.50.
2018: ($250.00 per hour requested - $240.00 per hour awarded) * 27.6 hours billed = $276.00.

billed at $0.50 per copy, a rate which the undersigned finds to be excessive. The Vaccine Program has previously awarded in-house copies at a rate of $0.20 per page. *Fragoso v. Sec'y of Health & Human Servs.,* No. 08-0236V, 2011 WL 300139 (Fed. Cl. Spec. Mstr. Jan. 6, 2011). Application of a $0.20/per page rate results in a reduction of **$63.90**. Petitioner is therefore awarded final costs of **$7,419.45**.

## II.    Conclusion

Based on all the above, the undersigned finds that Petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested | $25,900.50 |
| (Reduction to Fees) | - ($3,682.50) |
| **Total Attorneys' Fees Awarded** | **$22,218.00** |
| | |
| Attorneys' Costs Requested | $7,483.35 |
| (Reduction of Costs) | - ($63.90) |
| **Total Attorneys' Costs Awarded** | **$7,419.45** |
| | |
| **Total Attorneys' Fees and Costs** | **$29,637.45** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. **Accordingly, the undersigned awards a lump sum in the amount of $29,637.45, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and his attorney, Mr. Shahid Manzoor.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders<br>
Herbrina D. Sanders<br>
Special Master

---

[6] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).